# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA, :

    Plaintiff,                       Case No. 3:08-cr-126
                                         Also 3:13-cv-009

                                         District Judge Walter Herbert Rice
    -vs-                             Magistrate Judge Michael R. Merz
                                    :

JESUS VILLALBA,

    Defendant.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This § 2255 case is before the Court on Petitioner's Objections (Doc. No. 99) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 97). Judge Rice has recommitted the matter for reconsideration in light of the Objections (Order, Doc. No. 100).

In the Report, the Magistrate Judge recommended that Defendant's § 2255 Motion be dismissed with prejudice and denied his motions for discovery and an evidentiary hearing. Defendant makes specific objections only to dismissal of Subclaims 3 and 7 and to the denial of discovery and an evidentiary hearing on those subclaims.

Failure to make objections to a specific point waives appeal on that point. *Alspugh v. Mcconnell,* 643 F.3d 162, 166 (6th Cir. 2011); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Mattox v. City of Forest Park*, 183 F.3d 515, 519 (6th Cir. 1999); *Thomas v. Arn*, 474 U.S. 140(1985). A general objection has the same effect as a failure to file altogether. *Howard v. Sec. of HHS,* 932 F.2d 505 (6th Cir. 1991). The reason is that failure to focus the district court's attention on any specific issues makes the initial reference useless and undermines the purpose of the Magistrate's Act. *Howard*, 932 F.2d at 509.

1

The Magistrate Judge therefore reads the Objections as essentially waiving any objection to the recommendation of dismissal on Subclaims 1, 2, 4, 5, 6, and 8; they will not be further analyzed in this Supplemental Report.

In Subclaim 3 Villalba asserts that his retained[1] counsel, Edward Esqueda, provided ineffective assistance in failing to discuss and fully advise the petitioner concerning the terms of the proffer agreement entered into on March 17, 2009. In Subclaim 7, he asserts Esqueda failed to investigate and litigate issues concerning the Government's asserted breach of that proffer agreement.

The Report recommended dismissing Subclaim 3 because Villalba had not shown any prejudice from Esqueda's asserted failure to advise him "fully" about the proffer agreement, nor had Villalba provided an affidavit of his own about what Esqueda had said to him about the proffer agreement. The Report also recommended dismissing Subclaim 7 because, as of the time of the Report, Villalba had offered no substantive refutation of the Government's assertion that all the facts necessary to show Villalba had a leadership role were known to the Government from the Statement of Facts associated with the guilty plea of co-defendant Jose Guadalupe Villalba-Meza.

The Objections are still not supported by any affidavit from Villalba of (1) what communication passed between him and Esqueda about the effect of the proffer agreement or (2) any facts which would refute the finding that he was in fact a leader and therefore liable to leadership role points. Instead, the Objections assert that the co-defendant's statement does not specifically identify Villalba as a leader. That is an accurate reading of the Statement of Facts in

---

[1] The Magistrate Judge realizes, of course, that the same standards for effective assistance of counsel apply to retained and appointed counsel. The distinction is noted here to re-emphasize that it is Mr. Esqueda's assistance which is being criticized, and not that of attorney Vincent Popp, who was appointed to represent Mr. Villalba under the Criminal Justice Act.

the co-defendant's Plea Agreement, supporting the inference Villalba wants the Court to draw, to wit, that the identification of Villalba as a leader came from some other source. Villalba wants the Court to infer further that the source is what he said in the proffer, but no proof of what was said there is tendered to the Court. Again, Villalba is a percipient witness of what he said, but he does not tell the Court what it was that he said and no transcript is of record. Villalba complains that the Magistrate Judge has turned down his request for discovery and an evidentiary hearing, but he has not set up the issues for discovery or a hearing by telling the Court "his side" of what happened.

If we assume arguendo that Villalba is correct on the facts, he has still not shown he is entitled to relief on the law. Assume the Government did use the proffer to construct the Statement of Facts which Villalba admitted to. Villabla has still presented no law to the effect that that is a breach of the proffer agreement. The Agreement says the Government will not use what is obtained in the proffer in its case in chief at trial or to enhance the sentence. But that language does not say the proffer will not be used to create a draft statement of facts which, if accepted by Villalba, will create a basis for sentencing. In other words, if Villalba's Statement of Facts had no leadership role admissions in it, but the Government tendered leadership facts from the proffer either to the PSR writer or to the Court in a sentencing hearing, Villalba would have a far better claim that the proffer agreement had been breached.

To put the point somewhat differently, what would Esqueda have discovered (more than is now known) if he had "investigated" further the Government's asserted breach of the proffer agreement? And what law would he have relied on to show there was a breach if he had "litigated" further? So far as the record now shows, all of the facts Villalba relies on to show a breach of the proffer agreement were already of record at the time he appealed and the Sixth

Circuit found his issue regarding adding the leadership points was frivolous. *United States v. Villalba*, Case No. 10-3791 (copy at Doc. No. 75, PageID 318-19).

A motion to vacate under § 2255 is not a substitute for direct appeal. *Ray v. United States*, ___ F.3d ___, 2013 U.S. App. LEXIS 15808 (6th Cir. Aug. 1, 2013), *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973). Absent manifest injustice or special circumstances such as a change in the law, § 2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review. Hertz & Liebman, Federal Habeas Corpus Practice and Procedure, §41.7(e)(6th ed. 2011), *citing, Reed v. Farley*, 512 U.S. 339, 358 (1994); *Withrow v. Williams*, 507 U.S. 680, 721 (1993); *Davis v. United States,* 417 U.S. 333, 342 (1974); *Kaufman v. United States*, 394 U.S. 217, 227 n. 8 (1969); Yackle, POSTCONVICTION REMEDIES, §108 (1981)*, citing Mars v. United States,* 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,* 11 F.3d 583 (6th Cir. 1993). Villalba raised the issue of assessment of leadership role points on appeal and it was found to be frivolous. His assertion that Esqueda could have found a persuasive basis to change that outcome if he had "investigated" and "litigated" further is purely speculative, particularly in light of what Judge Rice said at the plea colloquy about the unlikelihood of safety valve entitlement.

It is therefore again respectfully recommended that the § 2255 Motion be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

August 23, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).