IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,     :

    Plaintiff,

v.     :     Case Nos. 3:08-cr-126, 3:13-cv-009

JOSE JESUS VILLALBA,     JUDGE WALTER H. RICE

    Defendant.     :

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #97); SUSTAINING DEFENDANT'S OBJECTIONS THERETO AS TO SUBCLAIMS 3 AND 7 (DOC. #99); DISMISSING SUBCLAIMS 1, 2, 4, 5, 6, AND 8 WITH PREJUDICE; REJECTING UNITED STATES MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #101) AS TO SUBCLAIMS 3 AND 7; SUSTAINING DEFENDANT'S OBJECTIONS THERETO (DOC. #102); OVERRULING MAGISTRATE JUDGE'S DECISION AND ORDER ON MOTIONS FOR DISCOVERY AND EVIDENTIARY HEARING (DOC. #97); REFERRING CAPTIONED CAUSE TO MAGISTRATE JUDGE FOR EVIDENTIARY HEARING AND SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON SUBCLAIMS 3 AND 7

---

Defendant Jose Jesus Villalba pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of Cocaine. After being sentenced to 204 months imprisonment, and unsuccessfully pursuing an appeal, he filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, raising numerous claims of ineffective assistance of trial counsel. Doc. #77. An Amended Motion was filed on May 1, 2013. Doc. #93.

On July 25, 2013, United States Magistrate Judge Michael R. Merz issued a Report and Recommendations; Decision and Order on Motions for Discovery and Evidentiary Hearing. He recommended that Defendant's eight subclaims, all alleging ineffective assistance of counsel, be dismissed with prejudice. In addition, he denied Defendant's request for discovery and an evidentiary hearing. Doc. #97. Defendant does not object to the recommended disposition of Subclaims 1, 2, 4, 5, 6, or 8. The Court finds that Magistrate Judge Merz correctly determined that those subclaims should be dismissed on the merits. Accordingly, the Court ADOPTS the Report and Recommendations, Doc. #97, with respect to those six subclaims, and DISMISSES them WITH PREJUDICE.

Defendant does, however, object to the recommended disposition of Subclaims 3 and 7, and to the denial of discovery and an evidentiary hearing on these two subclaims. Doc. #99. Both subclaims arise out of a March 17, 2009, proffer session. His attorney allegedly advised him that it would be to his advantage to provide a complete and truthful statement, and told him that none of the information he provided could be used to increase the severity of his sentence. The proffer agreement provided, in part, that no statements made during the interview would be used "in the government's case-in-chief at trial *or for purposes of sentencing*." Ex. 1 to Doc. #93 (emphasis added).

Defendant maintains that prior to the proffer interview, the Government did not have complete information about his leadership role in the conspiracy. He argues that the Government included information obtained at the interview in its

Statement of Facts.  At his guilty plea hearing, Defendant admitted to the truth of the statements contained therein.  When his attorney stated that the parties had reserved the right to litigate the issue of Defendant's leadership role, the Court noted that Defendant's admissions would make it very difficult to prevail.  His attorney acknowledged as much.  Doc. #71, PageID##258-267.  Later, at the sentencing hearing, the Court specifically relied on the Statement of Facts in concluding that Defendant had a leadership role in the conspiracy and was, therefore, subject to a 4-level enhancement and was ineligible for the safety valve.  Doc. #70, PageID ##233-235.  Defendant's attorney did not object to the sentence.

    Subclaim 3 of Defendant's motion alleges ineffective assistance of counsel prior to the plea hearing, based on counsel's failure to discuss and fully advise him about the terms of the proffer agreement.  He alleges that had he known the manner in which the information he provided could be used against him to enhance his sentence, he could have elected to refrain from making a proffer, and instead held the Government to its burden of proof.  Subclaim 7 alleges ineffective assistance of counsel based on the failure to investigate and litigate the alleged breach of the proffer agreement by the Government.  Defendant argues that, contrary to the proffer agreement, statements made during the interview were used "for purposes of sentencing," and resulted in an increased sentence.

    In his Report and Recommendations, Doc. #97, Magistrate Judge Merz correctly noted that claims of ineffective assistance of counsel are governed by

3

*Strickland v. Washington*, 466 U.S. 668 (1984), and require showings of deficient performance and prejudice. With respect to Subclaims 3 and 7, he concluded that, even assuming that counsel's performance was deficient, Defendant had failed to demonstrate the requisite prejudice. Accordingly, he recommended that the claims be dismissed with prejudice. He further held that Defendant had not established good cause for discovery or an evidentiary hearing, as required by Rules 6 and 8 of the Rules Governing §2255 Proceedings. Doc. #97.

After Defendant filed timely Objections, Doc. #99, Magistrate Judge Merz issued a Supplemental Report and Recommendations, Doc. #101, again finding that Defendant had not established good cause for discovery or an evidentiary hearing, and recommending that the claims be dismissed with prejudice. Defendant filed timely Objections to the Supplemental Report and Recommendations, Doc. #102.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court must make a *de novo* review of those portions of the recommended disposition that have been properly objected to. For the reasons set forth below, the Court REJECTS the Report and Recommendations, Doc. #97, and the Supplemental Report and Recommendations, Doc. #101, with respect to Subclaims 3 and 7, and SUSTAINS Defendant's Objections thereto, Docs. ##99 and 102.

As Defendant correctly points out, when a factual dispute exists in § 2255 proceedings, the court "must hold an evidentiary hearing to determine the truth of the petitioner's claims." The burden for establishing entitlement to a hearing is

4

"relatively light." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999). He argues that discovery and an evidentiary hearing is necessary to determine the source of the information contained in the Statement of Facts concerning his alleged role as a leader in the conspiracy. The Court agrees.

The Government denies that information obtained during the proffer interview was used against Defendant to enhance his sentence. In its Supplemental Response to the Amended Motion to Vacate, Doc. #94, the Government notes that many of the details concerning Defendant's role in the conspiracy were included in the affidavit in support of the Complaint, filed several months before the proffer interview. However, as Defendant points out, not all relevant information included in the Statement of Facts is included in that affidavit.

According to the Government, additional details were obtained, not from Defendant's proffer interview, but from the Statement of Facts agreed to by co-defendant Jose Guadalupe Villalba-Meza in connection with his November 2008, plea agreement. The Government acknowledges that Villalba-Meza's Statement of Facts does not identify Defendant by name, referring only to "organization leaders." The Government nevertheless argues that, from the inception of the case, it has been aware that Defendant was the leader of the conspiracy. It is not clear, however, exactly what the Government knew about the scope of his involvement.

5

If Villalba-Meza was not the source of the information concerning the scope of Defendant's leadership role, it could be inferred that the Government instead used information provided by Defendant in the proffer interview. The Court agrees with Defendant that the present record is insufficient to resolve the claims alleged, and that he should be given the opportunity to conduct discovery and develop the record with respect to Subclaims 3 and 7.

Magistrate Judge Merz noted that Defendant had not submitted an affidavit indicating what his attorney told him about the effect of the proffer agreement, and had not provided a transcript of the proffer interview so that the Court could determine what information the Government acquired through that interview. He further noted that Defendant had offered nothing of substance to refute the Government's argument, and offered no evidence to show that he did not, in fact, have a leadership role in the offense.

Although an affidavit and a transcript may have been helpful, this does not necessarily mean that Defendant has not established good cause for further discovery. In the Court's view, the allegations contained in the initial Motion to Vacate, Doc. #77, executed by Defendant under penalty of perjury, may also be considered in determining whether Defendant was prejudiced by counsel's alleged failures. Defendant alleges that, had he known that the information provided at the proffer sessions could subsequently be used against him to enhance his sentence for his leadership role, he would instead have elected to go to trial. He also alleges that had he known that statements made under oath concerning his

6

leadership role would effectively negate his right to litigate that issue at the sentencing hearing, he would have elected to proceed to trial. Doc. #77, PageID##327-28.

Because the source of the information concerning Defendant's leadership role in the conspiracy is unclear, and because this is relevant to the prejudice prong of the ineffective-assistance-of-counsel claims asserted in Subclaims 3 and 7, the Court finds that good cause exists to allow limited discovery and an evidentiary hearing on this issue.

One final note. Magistrate Judge Merz found that, even if the Government did use facts acquired during the interview, there was no technical breach of the proffer agreement. It provides that the Government will not use information obtained during the interview to enhance the sentence, but does not say that the information "will not be used to create a draft statement of facts which, if accepted by Villalba, will create a basis for sentencing." Doc. #101, PageID #576. The Court agrees with Defendant that this is a distinction without a difference. Whether deemed a direct or indirect use of Defendant's statements, the end result is the same. If the Government used information obtained during the proffer interview to increase the length of Defendant's sentence, this could constitute a breach of the proffer agreement.

For the reasons set forth above, the Court REJECTS the Report and Recommendations, Doc. #97, and the Supplemental Report and Recommendations, Doc. #101, with respect to Subclaims 3 and 7, and SUSTAINS Defendant's

7

Objections thereto, Docs. ##99 and 102.  Defendant is granted leave to conduct limited discovery on these two subclaims.  This matter is REFERRED to Magistrate Judge Merz for an evidentiary hearing and a Second Supplemental Report and Recommendations on these subclaims.


Date: September 30, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE