# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,            :

           Plaintiff,                     Case No. 3:08-cr-126
                                           Also 3:13-cv-009

                                       District Judge Walter Herbert Rice
      -vs-                                   Magistrate Judge Michael R. Merz
                              :

JOSE JESUS VILLALBA,

           Defendant.

---

# SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This § 2255 case is before the Court on District Judge Rice's Decision and Entry of September 30, 2013, Adopting in Part and Rejecting in Part the United States Magistrate Judge's Report and Recommendations which in part recommitted this matter for further proceedings (Doc. No. 103, the "Decision and Entry").

**Procedural History**

In his Decision and Entry Judge Rice adopted the Magistrate Judge's recommendation to dismiss Subclaims 1, 2, 4, 5, 6, and 8, but sustained Defendant's objections on Subclaims 3 and 7 and overruled the Magistrate Judge's denial of discovery and an evidentiary hearing. Judge Rice accepted Defendant's argument that discovery and an evidentiary hearing were necessary "to determine the source of the information contained in the Statement of Facts concerning [Defendant's] alleged role as a leader of the conspiracy." (Decision and Entry, Doc. No. 103, PageID 588.) Judge Rice granted Defendant "leave to conduct limited discovery on these two

1

subclaims" and recommitted the case for an evidentiary hearing and a second supplement report

and recommendations (Decision and Entry, Doc. No. 103, PageID 591).

After recommittal, the Magistrate Judge set a discovery deadline of January 15, 2014, for

the discovery allowed by Judge Rice to be completed (Doc. No. 104).[1]  After the close of

discovery, the United States moved, with the consent of the Defendant, to expand the record

(Doc. No. 106) and counsel for both parties agreed an evidentiary hearing was not needed nor

was any further briefing required (Doc. Nos. 107, 108).  The case is thus ripe for the second

supplemental report and recommendations.

# Analysis

Defendant Villalba asserted one claim in this case, ineffective assistance of trial counsel,

in eight sub-claims.  Judge Rice dismissed sub-claims 1, 2, 4, 5, 6, and 8 and read the remaining

sub-claims as follows:

> Both subclaims arise out of a March 17, 2009, proffer session. His
> attorney allegedly advised him that it would be to his advantage to
> provide a complete and truthful statement, and told him that none
> of the information he provided could be used to increase the
> severity of his sentence.
>
> The proffer agreement provided, in part, that no statements made
> during the interview would be used "in the government's case-in-
> chief at trial or for purposes of sentencing." Ex. 1 to Doc. #93
> (emphasis added).
>
> Defendant maintains that prior to the proffer interview, the
> Government did not have complete information about his
> leadership role in the conspiracy. He argues that the Government
> included information obtained at the interview in its Statement of
> Facts. At his guilty plea hearing, Defendant admitted to the truth of

---

[1] The record does not reflect what, if any discovery was conducted.

the statements contained therein. When his attorney stated that the parties had reserved the right to litigate the issue of Defendant's leadership role, the Court noted that Defendant's admissions would make it very difficult to prevail. His attorney acknowledged as much. Doc. #71, PageID##258-267. Later, at the sentencing hearing, the Court specifically relied on the Statement of Facts in concluding that Defendant had a leadership role in the conspiracy and was, therefore, subject to a 4-level enhancement and was ineligible for the safety valve. Doc. #70, PageID ##233-235. Defendant's attorney did not object to the sentence.

Subclaim 3 of Defendant's motion alleges ineffective assistance of counsel prior to the plea hearing, based on counsel's failure to discuss and fully advise him about the terms of the proffer agreement. He alleges that had he known the manner in which the information he provided could be used against him to enhance his sentence, he could have elected to refrain from making a proffer, and instead held the Government to its burden of proof. Subclaim 7 alleges ineffective assistance of counsel based on the failure to investigate and litigate the alleged breach of the proffer agreement by the Government. Defendant argues that, contrary to the proffer agreement, statements made during the interview were used "for purposes of sentencing/' and resulted in an increased sentence.

(Decision and Entry, Doc. No. 103, PageID 585-87.)

The gravamen of the remaining subclaims is that the United States, contrary to its promise, used information obtained at Villalba's proffer session to compose the Statement of Facts attached to the Plea Agreement and on which the Court relied in imposing sentence, contrary to its agreement not to do so. In response, the United States claims

From the inception of the federal case in 2008, the government has known that Villalba had a leadership role in the conspiracy. It did not rely on statements made by Villalba at his proffer to prepare the statement of facts. Rather, such information was obtained from local investigations and the DEA investigation well in advance of the proffer. The government also obtained additional information on the conspiracy and Villalba's leadership role from two proffers of a co-conspirator, Jose Guadalupe Villalba, both of which were held prior to Villalba's change of plea hearing. This information is documented in the attached DEA 6 reports.

3

(Motion to Expand, Doc. No. 106, PageID 599.)  Attached to the Motion to Expand are the Affidavit of DEA Agent Randall Terry authenticating seventeen attached reports (referred to as DEA 6's) which recount the sources and timing of information obtained  by the Drug Enforcement Administration and relied on by Agent Terry and Assistant United States Attorney William Schenck in preparing the Statement of Facts.  The facts stated in the Terry Affidavit and the attached DEA reports are sufficient to form a basis for the Statement of Facts attached to the Plea Agreement without any reliance on Villalba's statements during the proffer session.  Villalba has not proven any violation of the proffer agreement by the United States.  In the absence of such proof, he is unable to show ineffective assistance of his trial counsel for failure to advise him of the nature of the proffer agreement (sub-claim 3) or to investigate violations of that agreement (sub-claim 7).

It is accordingly respectfully recommended that sub-claims 3 and 7 be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.


May 13, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge


**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).