IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSE JESUS VILLALBA,       :

     Petitioner,

                           :      Case No. 3:08-cr-126(1)

     v.                   :      JUDGE WALTER H. RICE

UNITED STATES OF AMERICA,

     Respondent.       :

---

DECISION AND ENTRY OVERRULING "MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) RETROACTIVE
AMENDMENT 782" (DOC. #114); OVERRULING AS MOOT MOTIONS
FOR STATUS OF CASE (DOCS. ##115, 116)

---

     This matter is currently before the Court on Petitioner Jose Jesus Villalba's "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Retroactive Amendment 782." Doc. #114.

     Villalba pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). On June 14, 2010, Villalba was sentenced to 204 months imprisonment to be followed by 10 years of supervised release.

     The Court found that the conspiracy involved more than 500 kilograms of cocaine sent from Mexico to Ohio. Villalba's Base Offense Level was, therefore, 38. This was increased by 4 levels for his leadership role in the offense. It was decreased by 2 levels for acceptance of responsibility, and by 1 level for timely

notification of intent to plead guilty, bringing the Net Offense Level to 39. Villalba had a Criminal History Category of I. Accordingly, the advisory sentencing guideline range was 262 to 327 months, with a mandatory minimum sentence of 10 years. The Court departed downward to 204 months imprisonment.

Villalba has filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines ("USSG"). Amendment 782, which is to applied retroactively, reduced by two levels the offense levels assigned to certain drug quantities that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1, and made parallel changes to U.S.S.G. § 2D1.11.

The Court has no authority to modify a previously-imposed term of imprisonment unless one of the exceptions set forth in 18 U.S.C. § 3582 applies. Villalba relies on the exception set forth in § 3582(c)(2):

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—

* * *

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Villalba argues that, pursuant to Amendment 782, the Court should reduce his Net Offense Level from 38 to 36,[1] and reduce his sentence from 204 months to 152 months, based on his exemplary disciplinary record in prison, his mentoring of young male inmates, and the need to avoid unwarranted sentencing disparities with other individuals sentenced under Amendment 782.

As the Government notes in its Response in Opposition to Defendant's Motion to Reduce Sentence, Doc. #117, Amendment 782 does not reduce the Base Offense Level for Villalba. Because he was held responsible for the distribution of more than 450 kilograms of cocaine, his Base Offense Level remains at 38, even under the retroactive amendments to USSG §2D1.1. With the other adjustments made by the Court, Villalba's Net Offense Level remains at 39, and his advisory sentencing guideline range remains at 262 to 327 months.

The Court applauds Villalba's rehabilitation efforts and his exemplary prison record. Nevertheless, given that Villalba's sentencing range has not been lowered by the Sentencing Commission, this Court lack authority under § 3582(c)(2) to modify his sentence. Accordingly, the Court OVERRRULES Villalba's "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Retroactive Amendment 782." Doc. #114. Petitioner's Motions for Status of the Case, Docs. ##115 and 116, are OVERRULED AS MOOT.

---

[1] Villalba appears to mistakenly believe that his Net Offense Level was 38 instead of 39.

Date: April 4, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE